UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| STEVEN M. COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 1:21-cv-00241-SLC |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, *sued as Frank Bisignano,*[1] | ) |
| *Commissioner of the Social Security* | ) |
| *Administration*, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Steven M. Cox brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (*See* ECF 1). On January 31, 2022, pursuant to Defendant's unopposed motion to remand (ECF 17), the Court entered an Order reversing Defendant's decision denying Plaintiff disability benefits and remanding the case to the Social Security Administration for further proceedings (ECF 18).

Cox's attorney, Jason Rodman ("Counsel"),[2] now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $21,048.49. (*See* ECF 23). The Commissioner does not oppose Counsel's fee request. (ECF 25). For the following reasons, the motion for attorney fees will be GRANTED, less an offset of $15,100 for attorney fees previously collected under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2812,

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025, and thus, pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for his predecessor as the defendant in this suit. *See LaToya R. v. Bisignano*, No. 1:24-cv-01564-JMS-TAB, 2025 WL 1413807, at n.2 (S.D. Ind. May 15, 2025).

[2] Cox is also represented by Attorneys Ann Young and Randal Forbes of the same law firm as Rodman. (*See* ECF 3-5). Therefore, the term "Counsel" as used herein shall refer to one or more of these attorneys.

resulting in a net payment of $5,948.49 for Counsel's representation of Cox in federal court. (*See* ECF 23 at 6).

### A. Factual and Procedural Background

On June 9, 2021, Cox entered into a fee agreement with Counsel for their law firm's representation of Cox in federal court, in which Cox agreed to pay Counsel up to 25 percent of any past-due benefits awarded to him. (*See* ECF 23-1).[3] On June 22, 2021, Cox, via Counsel, filed the instant action in this Court, appealing the Commissioner's denial of his application for disability benefits. (*See* ECF 1). This is Cox's second appeal to this Court, as on August 16, 2019, Counsel appealed the Commissioner's first decision denying disability, resulting in a remand of the case to the Commissioner on September 14, 2020. (*See Cox v. Comm'r of Soc. Sec.*, No. 1:19-cv-362-DRL). As stated earlier, pursuant to the parties' agreed motion to remand (ECF 17), the Court again entered a judgment in Cox's favor and remanded the case for a second time on January 31, 2022. (*See* ECF 18, 19).

On February 28, 2022, Cox filed a motion for EAJA fees for the 39.25 attorney hours and 6.25 paralegal hours his Counsel's firm incurred in this case, which was subsequently modified pursuant to the parties' stipulation to an EAJA fee award of $8,900, which the Court granted. (*See* ECF 21, 22, 23-2). Prior to this, on January 5, 2021, the Court awarded Counsel $6,200 in EAJA fees for the 30.8 hours that Counsel represented Cox in the prior case, No. 1:19-cv-00362. (ECF 23-3). Therefore, Cox was awarded a total of $15,100 in EAJA fees for the 76.3 hours his Counsel's law firm spent on his disability appeal before this Court. (ECF 23 at 6).

On April 8, 2025, the Commissioner sent Cox a notice of award, informing that he was entitled to monthly disability benefits beginning April 2019. (*See* ECF 23-7 at 2). The notice

---

[3] The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

indicated that Cox was awarded $84,194 in past-due benefits and that the Commissioner withheld 25 percent of that, $21,048.50, to pay Cox's attorneys. (*See id*. at 3). On May 5, 2025, Counsel filed the instant motion, together with supporting documents, seeking the Court's approval of a § 406(b) award in the amount of $21,048.49, less an offset of $15,100 in EAJA fees previously awarded, resulting in a net payment of $5,948.49 from Cox's withheld past-due benefits for Counsel's representation before this Court. (*See* ECF 23). The Commissioner filed a response on May 16, 2025, indicating that there is not an objection. (ECF 25).

### *B. Legal Standard*

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 793-94 (2002). Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *See id*.; *see also Arnold v. O'Malley*, 106 F.4th 595, 599 (7th Cir. 2024). Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government. *See Gisbrecht*, 535 U.S. at 796.[4]

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for the attorney's representation at the administrative level. *See id.* at 794-95; *see also* 20 C.F.R. § 404.1725(a).[5] Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A);

---

[4] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified . . . . " 28 U.S.C. § 2412(d)(1)(A).

[5] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *See Gisbrecht*, 535 U.S. at 795.

3

*Gisbrecht*, 535 U.S. at 795.[6] This 25 percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *See Culbertson v. Berryhill*, 586 U.S. 53, 62 (2019). "[A] petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

§ 406(b) has been harmonized with the EAJA. *See Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.* Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *See id.* at 808-09. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id.* at 807-08 (citations and footnotes omitted); *see Arnold*, 106 F.4th at 601 ("[A] district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an

---

[6] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Id*. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction." (citations omitted)).

### B. Analysis

Here, the Court is required to determine whether Counsel's requested fee (prior to an offset of the EAJA award) of $21,048.49 under the fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A); *see Janet H. v. Saul*, No. 1:19-cv-00939-DLP-JRS, 2020 WL 6946471, at *2 (S.D. Ind. Nov. 25, 2020) ("*Gisbrecht* and its ensuing cases advise that courts should start the analysis with the Plaintiff and counsel's contingency fee agreement."). The notice of benefits indicates that the Commissioner withheld $21,048.50 as 25 percent of Cox's past-due benefits. (*See* ECF 23-7 at 3). Counsel requests $21,048.49, and as such, the fee amount does not exceed 25 percent of Cox's total past-due benefits.

Counsel contends that the requested fee award of $21,048.49 is "reasonable in light of the contingent nature of the representation, the successful result achieved, and the amount of time worked on the case." (ECF 23 ¶ 12); *see Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."). In consideration of the fee's reasonableness, the Court notes that the Commissioner ultimately found Cox disabled and awarded him disability benefits. *See Gisbrecht*, 535 U.S. at 808. The Court also observes that Counsel timely litigated the case and the subsequent fee motions, seeking just one 30-day extension of time in this case (*see* ECF 14), and causing one 30-day delay in the prior case (*see* No. 1:19-cv-362, ECF 11). *See also Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's

profit from the accumulation of the claimant's past benefits). Courts have also considered the contingency-nature of the case as a factor. *See Luke v. O'Malley*, No. 22-cv-349-wmc, 2024 WL 2864313, at *1 (W.D. Wis. June 6, 2024) ("The fees requested by counsel are reasonable in light of the . . . favorable result [the attorney] obtained for plaintiff while working on a contingency basis."); *see also Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." (footnote omitted)). Indeed, Counsel did sustain some risk in taking on this case.

Moreover, the fee rate in this case appears reasonable. Counsel's requested fee of $21,048.49, divided by the 76.3 hours his firm spent on the case in federal court equates to an effective rate of about $276 per hour. (*See* ECF 23 at 6). This requested fee falls easily within the range of previous awards authorized by this Court. *See, e.g., Bass v. Comm'r of Soc. Sec. Admin.*, No. 4:23-cv-00001-SLC, 2025 WL 1088233, at *3 (N.D. Ind. Apr. 11, 2025) (awarding fee equating to $401 per hour); *Osmun v. Comm'r of Soc. Sec.*, No. 1:16-CV-00273-SLC, 2020 WL 7334271, at *3 (N.D. Ind. Dec. 14, 2020) (awarding a fee equating to $525 per hour); *Toth v. Saul*, No. 1:17-cv-00516-SLC, 2020 WL 6441313, at *3 (N.D. Ind. Nov. 3, 2020) (awarding fee equating to $330 per hour); *Vanbuskirk v. Colvin*, No. 1:10-CV-00360-SLC, 2015 WL 3439228, at *4 (N.D. Ind. May 28, 2015) (awarding a fee equating to $161 per hour). This strengthens the Court's conclusion that the contingent-fee arrangement will not result in unreasonable fees, as there is no indication that "the benefits are large in comparison to the amount of time counsel spent on the case." *Arnold*, 106 F.4th at 600 (citation omitted).

Accordingly, the Court will grant Counsel's motion and authorize a § 406(b) fee award of $21,048.49 less an offset of $15,100 for EAJA fees previously awarded, resulting in a net fee

award to Counsel of $5,948.49. *See Gisbrecht*, 535 U.S. at 796; *see also O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020) (stating that while not favored, "the netting method is permissible" with respect to payment of § 406(b) fees (internal quotation marks omitted)).

### D. Conclusion

For the foregoing reasons, Counsel's motion for authorization of attorney fees pursuant to § 406(b) (ECF 23) is GRANTED in the amount of $ 21,048.49 less an offset of $15,100 for EAJA fees previously awarded, resulting in a net fee award to Counsel of $5,948.49. The Commissioner shall pay Counsel $5,948.49 out of Cox's withheld past-due benefits in accordance with agency policy and release any remaining withheld benefits to Cox. Counsel is allowed to retain the $15,100 in EAJA fees previously awarded.

SO ORDERED.

Entered this 12th day of June 2025.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge